UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MUJAHID FARID,

                                      Plaintiff,

                     v.                                          9:05-CV-1540
                                                                 (GLS)(DEP)

DAIZZEE BOUEY, Commissioner of the NYS Board of
Parole; VANESSA A . CLARKE, Commissioner of the NYS
Board of Parole; ROBERT DENNISON, Chairman of the NYS
Board of Parole; GEORGE JOHNSON, Commissioner of the
NYS Board of Parole; DEBRA LOOMIS, Commissioner of the
NYS Board of Parole; WILLIAM SMITH, Commissioner of the
NYS Board of Parole; PATRICIA TAPPAN, Commissioner of the
NYS Board of Parole; R. GUY VIZZIE, JR., Commissioner of the
NYS Board of Parole; and NEW YORK STATE BOARD OF
PAROLE,

                                              Defendants.

APPEARANCES:

MUJAHID FARID
Plaintiff, *pro se*

GARY L. SHARPE, United States District Judge

**DECISION and ORDER**

## I.    Background

      Presently before this Court is a civil rights complaint filed by plaintiff Mujahid Farid,

together with an *in forma pauperis* application.  Dkt. Nos. 1, 2, 5.  Plaintiff has not paid the

statutory filing fee for this matter.

      In his *pro se* complaint, plaintiff claims that his constitutional rights to due process and

equal protection were violated during his appearance before the New York State Parole Board.

Dkt. No 1.  According to plaintiff, he was denied parole pursuant to a policy adopted by New York

Governor George Pataki to deny early release parole to violent felony offenders, without regard to

plaintiff's rehabilitation and other factors ("Pataki policy").  *Id.*  Plaintiff claims that defendants, in

doing so, have violated plaintiff's constitutional rights.  *Id.*  Plaintiff also alleges that defendants'

actions violated his rights under the Ex Post Facto Clause and the Double Jeopardy Clause of the

United States Constitution, as well as his rights under the Americans With Disabilities Act, 42

U.S.C. § 12101 *et seq.*, as amended ("ADA") and  Section 504 of the Rehabilitation Act of 1973

("Rehabilitation Act"), 29 U.S.C. 794.  Plaintiff seeks compesatory damages as well as declaratory

and injunctive relief.  *Id.*  For a complete statement of plaintiff's claims, reference is made to the

complaint.

II.     **Discussion**

Section 1915(e)(2)(B) of Title 28 of the United States Code, which governs proceedings *in*

*forma pauperis*, directs, in pertinent part, that "the court shall dismiss the case at any time if the

court determines that – . . . (B) the action . . . – (i) is frivolous or malicious; (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief."  28 U.S.C. § 1915(e)(2)(B).  It is the court's responsibility to determine whether a

plaintiff may properly maintain his complaint in this District before the court may permit a plaintiff

to proceed with an action *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2).

Moreover, under 28 U.S.C. § 1915A, the Court must review any complaint in a civil action

in which a prisoner seeks redress from officers or employees of a governmental agency and "identify

cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief

from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*,

171 F.3d 115, 116 (2d Cir.1999) (per curiam).  An action is frivolous as a matter of law when, *inter*

*alia*, it is based on an "indisputably meritless legal theory" - that is, when it "lacks an arguable basis

in law ... or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir.1998).

Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (district court may dismiss frivolous complaint *sua sponte* notwithstanding fact that plaintiff has paid statutory filing fee); *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (district court has power to dismiss a complaint *sua sponte* if the complaint is frivolous).

### A.  Due Process and Equal Protection claims

This action is brought pursuant to 42 U.S.C. § 1983 which provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured....

"Section 1983 itself creates no substantive rights, [but] ... only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir.1993) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985)).  An essential element of a § 1983 claim is that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir.1994) (citing *Parratt v. Taylor*, 451 U.S. 527, (1981), overruled on other grounds by *Daniel v. Williams*,

3

474 U.S. 327 (1986)); *see also Sykes*, 13 F.3d at 519 ("to prevail on a section 1983 claim, the plaintiff must show that the defendant's conduct deprived him of a federal right.").

In order to proceed with his claim that his parole hearing was conducted in violation of his constitutional right to due process, it must appear that plaintiff enjoyed a protected liberty interest under New York State's statutory scheme for determining whether to grant or deny an application for parole. *See Barna v. Travis*, 239 F.3d 169, 170 (2d Cir. 2001) (per curiam). It is well-settled, however, that "the New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release," and that, as a result, prisoners in New York state are not entitled to the safeguards afforded by federal due process with respect to parole release determinations. *Barna, supra*, 239 F.3d at 171; *Boothe v. Hammock*, 605 F.2d 661, 663-64 (2d Cir. 1979);[1] s*ee also Greenholtz v. Inmates of Neb. Penal & Corr, Complex*, 442 U.S. 1, 7 (1979) (there is no federal constitutional or statutory right to parole); *Berard v. Vt. Parole Bd.*, 730 F.2d 71, 75 (2d Cir.1984) (same). Moreover, "denial of parole is neither arbitrary nor capricious when the Parole Board relies on the factors defined by New York statute." *Romer v. Travis*, No. 03 Civ. 1670, 2003 WL 21744079, at *6 (S.D.N.Y. Jul. 29, 2003) (citing *Davis v. Thomas*, 256 F.Supp.2d 190, 191 (S.D.N.Y. 2003) ("denial of parole may be justified on the basis of reasonable considerations defined by statute, including ... seriousness of the offense for which he is in custody.")).

Plaintiff also fails to set forth an equal protection claim. He seems to allege that, as a violent offender, he is treated differently that non-violent offenders. Such discrimination, however, has been held to be "entirely appropriate and not at all invidious." *Parks v. Edwards*, No. 03-CV-5588,

---

[1] Rather, any alleged violations of procedural requirements "are matters for consideration by the state courts." *Boothe*, 605 F.2d at 665.

4

2004 WL 377658, at *4 (E.D.N.Y. Mar. 1, 2004).

Because plaintiff has failed to establish that he enjoyed a protected liberty interest in parole release or that he is a member of a protected class, any alleged deficiencies in the consideration of plaintiff's parole application do not state a claim upon which relief can be granted for violations of plaintiff's due process or equal protection rights.

### B. Ex post facto violation

Plaintiff argues that the defendants' application of the Pataki policy to his parole hearing violated his rights under the Ex Post Facto clause of Article I, § 10 of the United States Constitution.  The Ex Post Facto Clause

> applies only to legislative action that retroactively punishes as a crime an act previously committed, which was innocent when done, makes more burdensome the punishment for a crime, after its commission, or deprives one charged with crime of any defense available according to law at the time when the act was committed.

*Parks*, 2004 WL 377658, at *4 (*citing Barna v. Travis*, 239 F.3d at 171) (quotation marks omitted). "Alternations in state parole procedures, even if adverse to an inmate and adopted after the inmate's incarceration, cannot violate the Ex Post Facto Clause because such procedures are not 'laws.'" *Id*.[2] Moreover, while plaintiff seems to argue that the application of the Pataki policy has increased the length of his incarceration, his present incarceration does not exceed the concurrent sentences of

---

[2] In *Barna*, the Second Circuit determined that there was no "merit in plaintiffs' claims that State parole procedures adopted after they were incarcerated violate the Ex Post Facto Clause." *Barna*, 239 F.3d at 171.  The Court further stated that "[a] law that is merely procedural and does not increase a prisoner's punishment cannot violate the Ex Post Facto Clause even when applied retrospectively." *Id*. (citation omitted).  "The Ex Post Facto Clause does not apply to guidelines that do no create mandatory rules for release but are promulgated simply to guide the parole board in the exercise of its discretion." *Id*. (citations omitted).  The Court found that such guidelines "are not 'laws' within the meaning of the ex post facto clause." *Id*. (citation omitted).

eleven to twenty-two years and fifteen years to life which were imposed pursuant to the statutes in effect at the time of the crime.  Plaintiff cannot establish an ex post facto violation.

### C.   Double Jeopardy violation

Plaintiff claims that "to the extent that defendants' denials of parole to plaintiff were predicated upon his conviction for manslaughter in the first degree, the denials were in violation of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution."  Dkt. No. 1 at 19.  The Second Circuit has held that "[t]he Double Jeopardy Clause applies to judicial proceedings, not parole." *Romer v. Travis*, No. 03 Civ. 1670, 2003 WL 21744079, at *9 (S.D.N.Y. Jul. 29, 2003) (citations omitted); *see also Alessi v. Ouinlan*, 711 F.2d 497, 501 (2d Cir. 1983) ("A denial of parole is a decision to withhold early release from the confinement component of a sentence.  It is neither the imposition nor the increase of a sentence, and it is not punishment for purposes of the Double Jeopardy Clause...."  The Parole Board's decision to deny parole did not violate Plaintiff's Double Jeopardy rights.

### D.   ADA and Rehabilitation Act

Plaintiff alleges that at the conclusion of his 2003 parole hearing, the Parole Board concluded that his "PAST CONDUCT WAS HIGHLIGHTED FOR VIOLENCE AND INDICATES YOU ARE ESTABLISHED IN AN ANTI-SOCIAL LIFESTYLE..."  Dkt. No. 1 at 13 (capitalization and emphasis in original complaint).  Plaintiff seems to argue that his being labeled as entrenched in an "anti-social lifestyle" places him "squarely into the category of persons with 'abnormal personality disorders' -- a mental health classification."  *Id.*  It appears that plaintiff is alleging that, as a result, his rights under the ADA and the Rehabilitation Act have been violated.

Title II of the ADA and § 504 of the Rehabilitation Act apply to

6

inmates in state prisons ... To state a claim under Title II of the ADA, a prisoner must show: "(1) he or she is a 'qualified individual with a disability'; (2) he or she is being excluded from participation in, or being denied the benefits of some service, program, or activity by reason of his or her disability; and (3) the entity [that] provides the service, program, or activity is a public entity." ... To state a claim under § 504 of the Rehabilitation Act, a prisoner must establish that: (1) he is a "qualified individual with a disability"; (2) he is "otherwise qualified" to participate in the offered activity or program or to enjoy the services or benefits offered; (3) he is being excluded from participation or enjoyment solely by reason of his disability; and (4) the entity denying the inmate participation or enjoyment receives federal financial assistance.

*Shariff v. Artuz*, No. 99 CIV. 0321, 2000 WL 1219381, at *4 (S.D.N.Y. Aug. 28, 2000) (internal citations omitted).  Plaintiff has not alleged that he is a "qualified individual with a disability" entitled to the protections of these Acts.  He has only alleged that defendants have found him to have been "established in an anti-social lifestyle."  Dkt. No. 1 at 13.  Plaintiff has failed to state claims under either the ADA or the Rehabilitation Act.

### E.  *In forma pauperis* application

In light of the dismissal of this action, plaintiff's *in forma pauperis* application is **DENIED**.

WHEREFORE, it is hereby

**ORDERED**, this action is **DISMISSED**, and it is further

**ORDERED**, that plaintiff's *in forma pauperis* application (Dkt. No. 2) is **DENIED**, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on plaintiff by regular mail.

April 3, 2006
Albany, New York

Gary L. Sharpe
U.S. District Judge

7