UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MUJAHID FARID,

                                                    Plaintiff,


              v.                                                                    9:05-CV-1540
                                                                                       (GLS)(DEP)

DAIZZEE BOUEY, Commissioner of the NYS Board of
Parole; VANESSA A . CLARKE, Commissioner of the NYS
Board of Parole; ROBERT DENNISON, Chairman of the NYS
Board of Parole; GEORGE JOHNSON, Commissioner of the
NYS Board of Parole; DEBRA LOOMIS, Commissioner of the
NYS Board of Parole; WILLIAM SMITH, Commissioner of the
NYS Board of Parole; PATRICIA TAPPAN, Commissioner of the
NYS Board of Parole; R. GUY VIZZIE, JR., Commissioner of the
NYS Board of Parole; and NEW YORK STATE BOARD OF
PAROLE,

                                                    Defendants.
_____

APPEARANCES:

MUJAHID FARID
Plaintiff, *pro se*

GARY L. SHARPE, United States District Judge

## DECISION and ORDER

Plaintiff Mujahid Farid filed a civil rights complaint in which he alleged, *inter alia*, that his

constitutional rights to due process and equal protection were violated during his appearance before

the New York State Parole Board.  Dkt. No. 1.  By Order of this Court filed April 3, 2006, Farid's

complaint was dismissed for failure to state a claim.  Dkt. No. 6 ("April Order").  On April 3, 2006,

Judgment was entered against Farid dismissing this action.  Dkt. No. 7.

Presently before the Court is Farid's request for relief from the Judgment entered against

him.  Dkt. No. 8.  Farid also requests that the Court transfer this action to the Southern District of

New York to "be consolidated and joined with" *Graziano v. Pataki*, No. 06 Civ. 0480, 2006 WL

2023082 (S.D.N.Y. Jul. 17, 2006).  *Id*. at 10.

## I.      Motion for relief from judgment

Rule 60(b) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") sets forth the

following six grounds upon which the Court may relieve a party from a final judgment or order:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence
> which by due diligence could not have been discovered in time to move for a new trial under
> Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic),
> misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the
> judgment has been satisfied, released, or discharged, or a prior judgment upon which it is
> based has been reversed or otherwise vacated, or it is no longer equitable that the judgment
> should have prospective application; or (6) any other reason justifying relief from the
> operation of the judgment.

Fed. R. Civ. P. 60(b).

In deciding a Rule 60(b) motion "a court must balance the policy in favor of hearing a

litigant's claims on the merits against the policy in favor of finality."  *Kotlicky v. United States*

*Fidelity & Guar. Co.,* 817 F.2d 6, 9 (2d. Cir. 1987); *see also Welkovics v. Hebrew Academy of the*

*Capital District,* No. 93-CV-1465, 1995 WL 760726 (N.D.N.Y. Nov. 14, 1995) (McAvoy, J.).

However, as set forth in Rule 60(b), the Court may, in its discretion, grant reconsideration for "any

other reason justifying relief".  Rule 60(b)(6).

Farid contends that, in light of a change of law, Judgment should be vacated and his action

should be allowed to proceed.  Farid points to *Graziano,*[1] and *Matter of Coaxum v. New York State*

*Board of Parole*,[2] No. 2470/2005, 2006 WL 3524328, at *8 (Sup. Ct. Sep. 8, 2006).  Without

---

[1] The *Graziano* Court held, *inter alia*, that "while there is no due process right to being
*granted* parole, there is a due process right to have the decision made only in accordance with
statutory criteria."  *Graziano v. Pataki*, 06-CV-480, 2006 WL 2023082, at *9 (S.D.N.Y, July 17,
2006) (emphasis in original).

[2] In *Matter of Coaxum*, a state habeas petition challenging the denial of parole was granted
and the parole board was ordered to convene a hearing before a different panel.  The new panel was
directed to "consider the statutorily required factors" set forth in New York Executive Law

addressing the merits of Plaintiff's claims with respect to *Graziano* or *Matter of Coaxum*, or any of Plaintiff's other claims, the Court will grant Plaintiff's request to vacate the Judgment, restore the case to the active docket, and direct service of the complaint. **The Court makes no findings on the merits of any of Farid's claims at this time.**

Because the action is re-opened, the Court has reviewed Farid's *in forma pauperis* application (Dkt. No. 2), and finds that Farid may proceed *in forma pauperis*.

## II.     Motion to transfer and for joinder

Plaintiff asks the Court to transfer this action to the Southern District of New York to "be consolidated and joined with a case bringing identical and similar issues before Judge Charles L. Brieant in the Federal District Court of the Southern District of New York." Dkt. No. 8 at 10. Plaintiff's request is **denied** at this time.

**WHEREFORE**, it is hereby

**ORDERED**, that petitioner's motion for relief from Judgment (Dkt. No. 8) is **GRANTED**, and it is further

**ORDERED**, that the Judgment of the Court entered herein on April 3, 2006 (Dkt. No. 7) is vacated. The Clerk is directed to reopen this action and restore same to this Court's docket, and it is further

**ORDERED**, that Plaintiff's *in forma pauperis* application is granted.[3]  The Clerk shall issue

---

§ 259-i(c)(A). *Id*., at *8.

[3] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

summonses and forward them, along with copies of the Complaint, to the United States Marshal for

service upon the named Defendants.  The Clerk shall forward a copy of the summons and

Complaint by mail to the Office of the Attorney General for the State of New York, together with a

copy of this Order, and it is further

**ORDERED**, that the Clerk provide the Superintendent of the facility, designated by

Plaintiff as his current location, with a copy of Plaintiff's authorization form, and notify the official

that this action has been filed and that Plaintiff is required to pay the entire statutory filing fee of

$250.00 pursuant to 28 U.S.C. § 1915,[4] and it is further

**ORDERED**, that the Clerk provide a copy of Plaintiff's authorization form to the Financial

Deputy of the Clerk's Office, and it is further

**ORDERED**, that a response to Plaintiff's Complaint be filed by the Defendants or their

counsel as provided for in the Federal Rules of Civil Procedure after service of process on the

Defendants, and it is further

**ORDERED**, that Plaintiff's motion for transfer to the Southern District of New York and

for joinder with *Graziano v. Pataki*, is **DENIED**, and it is further

**ORDERED**, that all pleadings, motions and other documents relating to this action be filed

with the Clerk of the United States District Court, Northern District of New York, 7th Floor,

Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party**

**to the Court or the Clerk must be accompanied by a certificate showing that a true and**

**correct copy of it was mailed to all opposing parties or their counsel.  Any document received**

**by the Clerk or the Court which does not include a certificate of service showing that a copy**

---

[4] Plaintiff's complaint was filed before the filing fee was increased to $350.00.

**was served upon all opposing parties or their attorneys will be returned, without processing.**

Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary

to maintain this action.  All parties must comply with Local Rule 7.1 of the Northern District of

New York in filing motions, which must be returnable before the assigned Magistrate Judge with

proper allowance for notice as required by the Rules.  **Plaintiff is also required to promptly notify**

**the Clerk's Office and all parties or their counsel of any change in Plaintiff's address; his**

**failure to do so will result in the dismissal of this action.** All motions will be decided on

submitted papers without oral argument unless otherwise ordered by the Court, and it is further

ORDERED, that the Clerk serve a copy of this Order on Farid.

IT IS SO ORDERED.


Dated:  December 20, 2006


_____
United States District Court Judge