**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**MUJAHID FARID,**

                     **Plaintiff,**              **No. 05-cv-1540**
                                                    **(GLS-DEP)**

        **v.**

**DAIZZEE BOUEY, _et al._,**

                     **Defendants.**
_____

**APPEARANCES:**                 **OF COUNSEL:**

**FOR THE PLAINTIFF:**
MUJAHID FARID
_Pro Se_
79-A-0362
Franklin Correctional Facility
P.O. Box 10
Malone, New York 12953

**FOR THE DEFENDANTS:**
HON. ANDREW M. CUOMO       ROGER W. KINSEY, ESQ.
New York Attorney General
The Capitol
Albany, New York 12224

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I.  Introduction

Mujahid Farid, an inmate at Franklin Correctional Facility, brings this action pursuant to 42 U.S.C. §§ 1983 and 1985 alleging that defendants, the New York State Board of Parole ("BOP"), its chairperson, and various commissioners, have repeatedly deprived him of fair parole consideration hearings since he first became eligible for parole in 1993.  (*See* Compl.; Dkt. No. 1.)  On March 9, 2007, defendants filed a motion to dismiss the Complaint.  (Dkt. No. 32.)  The motion was referred to Magistrate Judge David E. Peebles for report and recommendation.  On February 4, 2008, Judge Peebles issued a Report and Recommendation ("R&R") recommending dismissal of the Complaint in its entirety.  (Dkt. No. 41.)[1] Pending are Farid's timely objections ("Objections") to the R&R.  (Dkt. No. 42.)  For the reasons that follow, the R&R is adopted in relevant part and Farid's Complaint is dismissed.

## II.  Discussion

### A.   Due Process and Equal Protection Claims

The nature of this court's review of a magistrate judge's report and recommendation is dictated by the nature of the objections, if any, which

---

[1]The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed.

are lodged in response to such report and recommendation.  *See generally*

*Almonte v. New York State Div. of Parole,* No. 9:04-cv-484, 2006 WL

149049 (N.D.N.Y. Jan. 18, 2006).  In this case, Farid's Objections, though

well-stated and thoughtful in some respects, are also incomplete.  The

R&R concluded that Farid's due process and equal protection claims were

barred by the statute of limitations and collateral estoppel, and that the

defendants were entitled to immunity in any event.  (*See* R&R at 17-29.)  *In*

*addition*, the R&R determined that the due process and equal protection

claims were without merit.  (*See* R&R at 30-35.)   Farid's Objections focus

on the R&R's treatment of the statute of limitations, collateral estoppel, and

immunity.  (*See* Objections at 6-10, 16-17.)  The Objections make no

mention of the R&R's alternative holding that the Complaint fails to state a

claim for due process and equal protection violations.

     In light of the R&R's alternative holdings, it is unnecessary for the

court to address Farid's arguments concerning the statute of limitations,

collateral estoppel, and immunity.  Instead, the court will address Judge

Peebles's alternative holding that the due process and equal protection

claims should be dismissed for failure to state a claim.  As Farid has not

objected to the R&R's recommendations in this regard, the court has

reviewed the relevant portions of the R&R for clear error.  *See McAllan v. Von Essen,* 517 F.Supp.2d 672, 679 (S.D.N.Y. 2007) ("If, however, the party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error.") (citations and quotations omitted).[2]

Upon review for clear error, the court finds that the R&R correctly concluded that Farid's due process and equal protection claims must be dismissed.  (*See* R&R at 30-35.)  The court acknowledges that *Graziano v. Pataki,* No. 06-cv-0480, 2006 WL 2023082 (S.D.N.Y. July 17, 2006), cited by Farid, arguably counsels a different result.  However, the court is more persuaded by the reasoning of *Mathie v. Dennison,* No. 06-cv-3184, 2007 WL 2351072, at *6-12 (S.D.N.Y. Aug. 16, 2007), which rejected due process and equal protection claims similar to those advanced by Farid, and characterized *Graziano* as "unpersuasive."  Accordingly, for the reasons stated in sections III-G and H of the R&R, Farid's due process and

---

[2]In his Objections, Farid purports to "incorporate[] by reference" the arguments made in prior submissions.  (*See* Objections at 3-4.)  The incorporation by reference of arguments previously presented to the magistrate judge does not constitute a specific objection triggering *de novo* review.  *See Edwards v. Fischer,* 414 F.Supp.2d 342, 346-47 (S.D.N.Y. 2006) ("If no objections are filed, or where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition, reviewing courts should review a report and recommendation for clear error.") (quotations and citations omitted).

equal protection claims are dismissed.

**B.**   **Double Jeopardy Claim**

In light of Farid's specific objection to the recommended dismissal of

his double jeopardy claim, the court has reviewed the relevant portion of

the R&R *de novo.  See Brito v. Phillips,* 485 F.Supp.2d 357, 360 (S.D.N.Y.

2007) ("[W]here objections to a report are specific and address only those

portions of the proposed findings to which the party objects, district courts

should conduct a *de novo* review of the issues raised by the objections.")

(citations and quotations omitted).  Upon *de novo* review, the court

concludes that Farid cannot state a claim under the double jeopardy clause

of the Fifth Amendment.  Farid's argument is not without superficial appeal.

It is reasonable to question the propriety of using a crime for which he has

already served his time as a partial basis for denying parole.  However,

Farid's argument is foreclosed by the Second Circuit's decision in *Alessi v.*

*Quinlan,* 711 F.2d 497 (2d Cir. 1983), which affirmed the principle that

"[t]he Double Jeopardy Clause applies to judicial proceedings, not parole."

*Id.* at 501 (quoting *Priore v. Nelson,* 626 F.2d 211, 217 (2d Cir. 1980)).  As

in *Alessi,* the defendants in this case "did not violate the [Double Jeopardy]

Clause by giving consideration to actions for which he had previously been

punished." *Alessi,* 711 F.2d at 501.  Accordingly, Farid's double jeopardy

claim is dismissed.

**C.**   **Remaining Claims**

Farid has not objected to the R&R's treatment of his *ex post facto*

claim, his cruel and unusual punishment claim, his conspiracy claims, his

Rehabilitation Act claim, and his Americans With Disabilities Act claim.

Upon review for clear error, the court agrees with Judge Peebles's analysis

of these claims.  (*See* R&R at 35-37, 38-49.)  Accordingly, Farid's *ex post*

*facto* claim, cruel and unusual punishment claim, conspiracy claims,

Rehabilitation Act claim, and Americans With Disabilities Act claim are all

dismissed, for the reasons stated in the R&R.

**D.**   **Motion to Supplement the Complaint**

The R&R recommended denial of Farid's motion for leave to

supplement his Complaint.  (*See* R&R at 49-52.)  Farid has not objected to

this recommendation and, accordingly, the court has reviewed it for clear

error.  Upon review, the court agrees with Judge Peebles's conclusion,

albeit for reasons that differ slightly from those stated in the R&R.  The

R&R treated Farid's motion as a motion for leave to amend, governed by

Rule 15(a) of the Federal Rules of Civil Procedure.  (*See* R&R at 50.)

However, Farid's motion was brought pursuant to Rule 15(d), dealing with supplemental pleadings.  (*See* Notice of Mot. for Leave to File a Supplemental Compl.; Dkt. No. 39.)  The distinction is significant in this case, because no responsive pleading has been filed.[3]  Thus, had Farid sought to amend his Complaint pursuant to Rule 15(a), he could have done so, regardless of potential futility.  *See Rose v. Associated Universities, Inc.,* No. 00-cv-0460, 2000 WL 1457115, at *3 (S.D.N.Y. Sept. 28, 2000) (holding that amendment would be allowed, despite its futility, because leave of the court was not required in the absence of a responsive pleading); *We v. Merrill Lynch & Co.,* No. 99-cv-9687, 2000 WL 45440, at *2 (S.D.N.Y. Jan. 19, 2000) (noting that "considerations such as futility do not come into play when a party may amend as of right").  However, because Farid's motion was not to amend, but rather to supplement, his Complaint, the court's permission is required.  *See* FED. R. CIV. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be

---

[3]A motion to dismiss is not a responsive pleading.  *See Barbara v. New York Stock Exchange, Inc.,* 99 F.3d 49, 56 (2d Cir. 1996) (citation omitted).

supplemented."). For the reasons set forth in the R&R, supplementation of the Complaint would be futile. Accordingly, Farid's motion to supplement the Complaint is denied.

**E.    Motion to Strike**

Farid has not objected to the R&R's recommendation that his motion to strike the defendants' motion to dismiss (Dkt. No. 37) be denied. Upon review of this recommendation for clear error, the court adopts Judge Peebles's analysis of the motion to strike. Accordingly, Farid's motion to strike is denied.

**F.    Miscellaneous Requests**

In the Objections, Farid asks the court to reconsider the earlier denial of his motion to transfer this case to the Southern District of New York for consolidation with the pending *Graziano* class action. (*See* Objections at 13.) This request is not an "objection" to the R&R, because the R&R did not address the motion to transfer. Rather, Farid's motion to transfer was denied in a Decision and Order dated December 21, 2006. (*See* Dkt. No. 9.) However, even if the court were to construe the language in the Objections as a renewal of Farid's motion to transfer, such motion would be denied because the dismissal of Farid's claims renders the request moot.

Similarly, Farid's renewed request for the appointment of counsel (*see* Objections at 18) is moot, and is denied.

WHEREFORE, for the foregoing reasons, it is hereby

ORDERED that Judge Peebles's Report and Recommendation (Dkt. No. 41) is adopted in relevant part as set forth above; and it is further

ORDERED that Farid's motion to strike (Dkt. No. 37) is DENIED; and it is further

ORDERED that Farid's motion for leave to supplement his Complaint (Dkt. No. 39) is DENIED; and it is further

ORDERED that Farid's renewed requests to transfer the case and for the appointment of counsel are DENIED as moot; and it is further

ORDERED that the defendants' motion to dismiss (Dkt. No. 32) is GRANTED and Farid's Complaint is dismissed; and it is further

ORDERED that the Clerk provide copies of this Memorandum-Decision and Order to the parties.

IT IS SO ORDERED.

Date: May 19, 2008
Albany, New York

Gary L. Sharpe
U.S. District Judge